## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> EUGIA PHARMA SPECIALITIES LTD., AUROBINDO PHARMA LTD., and AUROBINDO PHARMA U.S.A., INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. _____ |

## COMPLAINT

Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc. (collectively, "Taiho" or "Plaintiffs"), for their Complaint for Patent Infringement and Declaratory Judgment against Eugia Pharma Specialities, Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A., Inc. (collectively, "Eugia" or "Defendants"), allege as follows:

## THE PARTIES

1.      Plaintiff Taiho Pharmaceutical Co., Ltd. is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-27 Kandanishiki-cho, Chiyoda-ku, Tokyo 101-8444, Japan.

2.      Plaintiff Taiho Oncology, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101 Carnegie Center, Suite 101, Princeton, New Jersey 08540.

3.      Upon information and belief, defendant Eugia Pharma Specialities Ltd. is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at Plot #2, Maitrivihar, Ameerpet, Hyderabad 50038, Telangana, India.

4.      Upon information and belief, defendant Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at Plot #2, Maitrivihar, Ameerpet, Hyderabad 50038, Telangana, India.

5.      Upon information and belief, defendant Aurobindo Pharma U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey 08520.

6.      Upon information and belief, Eugia Pharma Specialities Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A., Inc. are in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic pharmaceutical products throughout the United States, including Delaware.

7.     Upon information and belief, Eugia Pharma Specialities Ltd. is a subsidiary of Aurobindo Pharma Ltd.

8.     Upon information and belief, Eugia Pharma Specialities Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A., Inc. acted in concert to prepare and submit Eugia's Abbreviated New Drug Application ("ANDA") No. 213893 (trifluridine and tipiracil tablets) ("Eugia's ANDA Product") to the United States Food and Drug Administration ("FDA").

9.     Upon information and belief, Eugia Pharma Specialities Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A., Inc. are agents of each other and/or operate in concert as integrated parts of the same group, including with respect to Eugia's ANDA Product, and enter into agreements with each other that are nearer than arm's length.

10.    Upon information and belief, Eugia Pharma Specialities Ltd. and Aurobindo Pharma Ltd. participated in, assisted, and cooperated with Aurobindo Pharma U.S.A., Inc. in the acts complained of herein.

11.    Upon information and belief, following any FDA approval of Eugia's ANDA, Eugia Pharma Specialities Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A., Inc. will act in concert to manufacture, market, distribute, and/or sell Eugia's ANDA Product throughout the United States, including within Delaware.

12.     Eugia and Taiho are currently involved in related litigation in this Judicial District that relates to ANDA No. 213893, *Taiho Pharm. Co. Ltd., et al. v. Eugia Pharma Specialities Ltd., et al.*, C.A. No. 19-2309-CFC.   In the related litigation, Eugia Pharma Specialities Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A. did not contest jurisdiction or venue in this district.  *Id.* at D.I. 15.

## NATURE OF THE ACTION

13.     This is a civil action for infringement of U.S. Patent Nos. 10,456,399 ("the '399 patent") and 10,960,004 ("the '004 patent") (collectively, "the patents-in-suit") arising under the United States Patent Laws, Title 35, United States Code § 100, *et seq.*, and in particular under § 271, as well as a civil action for declaratory judgment of patent infringement of the patents-in-suit under 28 U.S.C. §§ 2201-02. Taiho seeks declaratory relief, injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

14.     This action relates to ANDA No. 213893, which Eugia filed or caused to be filed under 21 U.S.C. § 355(j) with the FDA, for approval to manufacture, use, and/or offer for sale a generic copy of Taiho's Lonsurf® (trifluridine and tipiracil) tablets throughout the United States prior to the expiration of the patents-in-suit.

## JURISDICTION AND VENUE

15.     This is a civil action for infringement arising under the United States Patent Laws, including 35 U.S.C. § 271, as well as a civil action for declaratory judgment of patent infringement under 28 U.S.C. §§ 2201-02.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-02.

17.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

18.     This Court has personal jurisdiction over Eugia Pharma Specialities Ltd. because, inter alia, Eugia Pharma Specialities Ltd., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute Eugia's ANDA Product to the residents of the State of Delaware; (3) has corporate affiliates that are organized under the laws of the State of Delaware; (4) maintains a broad distribution network within the State of Delaware; and/or (5) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

19.     Upon information and belief, Eugia Pharma Specialities Ltd. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others

to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

20.    Upon information and belief, Eugia Pharma Specialities Ltd. has substantial, continuous, and systematic contacts with the State of Delaware including Eugia Pharma Specialities Ltd.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

21.    Upon information and belief, Eugia Pharma Specialities Ltd., and/or its subsidiaries, affiliates, or agents, intends to engage in the commercial manufacture and sale of Eugia's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

22.    Upon information and belief, Eugia Pharma Specialities Ltd., and/or its subsidiaries, affiliates, or agents, intends to place Eugia's ANDA Product into the stream of commerce with the reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

23.    Upon information and belief, Eugia Pharma Specialities Ltd. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

24.     Eugia Pharma Specialities Ltd. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the matters, inter alia, of *Pfizer Inc. et al. v. Aurobindo Pharma, Ltd. et al.*, C.A. No. 19-748-CFC and *Astellas Pharma Inc. v. Eugia Pharma Specialities Ltd. et al.*, C.A. No. 18-757-CFC.

25.     Upon information and belief, Eugia Pharma Specialities Ltd. participated in the preparation, development, and filing of ANDA No. 213893, and its underlying subject matter, with the intent to market, sell, and/or distribute Eugia's ANDA Product to the residents of the State of Delaware.  Taiho's causes of action arise from Eugia Pharma Specialities Ltd.'s contact with the State of Delaware.

26.     Venue is proper in this Judicial District as to Eugia Pharma Specialties Ltd. because, inter alia, Eugia Pharma Specialities Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this Judicial District.

27.     This Court has personal jurisdiction over Aurobindo Pharma Ltd. because, inter alia, Aurobindo Pharma Ltd., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute Eugia's ANDA Product to the residents of the State of Delaware; (3) owns subsidiary companies that are organized under the

laws of the State of Delaware; (4) maintains a broad distribution network within the State of Delaware; and/or (5) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

28.    Upon information and belief, Aurobindo Pharma Ltd. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

29.    Upon information and belief, Aurobindo Pharma Ltd. has substantial, continuous, and systematic contacts with the State of Delaware including Aurobindo Pharma Ltd.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

30.    Upon information and belief, Aurobindo Pharma Ltd., and/or its subsidiaries, affiliates, or agents, intends to engage in the commercial manufacture and sale of Eugia's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

31.    Upon information and belief, Aurobindo Pharma Ltd., and/or its subsidiaries, affiliates, or agents, intends to place Eugia's ANDA Product into the

stream of commerce with the reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

32.    Upon information and belief, Aurobindo Pharma Ltd. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

33.    Aurobindo Pharma Ltd. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the matters, inter alia, of *Pfizer Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 19-748-CFC; *Genentech, Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 19-103-RGA; *Boehringer Ingelheim Pharma. Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 18-1757-CFC; *Kissei Pharma. Co. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 17-1161-LPS; and *Amgen Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 16-853-MSG.

34.    Upon information and belief, Aurobindo Pharma Ltd. participated in the preparation, development, and filing of ANDA No. 213893, and its underlying subject matter, with the intent to market, sell, and/or distribute Eugia's ANDA Product to the residents of the State of Delaware.  Taiho's causes of action arise from Aurobindo Pharma Ltd.'s contact with the State of Delaware.

35.     Venue is proper in this Judicial District as to Aurobindo Pharma, Ltd. because, inter alia, Aurobindo Pharma, Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this Judicial District.

36.     This Court has personal jurisdiction over Aurobindo Pharma U.S.A., Inc. because Aurobindo Pharma U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware.  Aurobindo Pharma U.S.A., Inc. has a registered agent located at 251 Little Falls Drive, Wilmington, Delaware, 19808. This Court also has personal jurisdiction over Aurobindo Pharma U.S.A., Inc. because, inter alia, Aurobindo Pharma U.S.A., Inc., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute Eugia's ANDA Product to the residents of the State of Delaware; (3) maintains a broad distribution network within the State of Delaware; and/or (4) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

37.     Upon information and belief, Aurobindo Pharma U.S.A., Inc. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

38.     Upon information and belief, Aurobindo Pharma U.S.A., Inc. has substantial, continuous, and systematic contacts with the State of Delaware including Aurobindo Pharma U.S.A., Inc.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

39.     Upon information and belief, Aurobindo Pharma U.S.A., Inc., and/or its subsidiaries, affiliates, or agents, intends to engage in the commercial manufacture and sale of Eugia's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

40.     Upon information and belief, Aurobindo Pharma U.S.A., Inc., and/or its subsidiaries, affiliates, or agents, intends to place Eugia's ANDA Product into the stream of commerce with the reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

41.     Upon information and belief, Aurobindo Pharma U.S.A., Inc. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

42.     Aurobindo Pharma U.S.A., Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the

matters, inter alia, of *Pfizer Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 19-748-CFC; *Genentech, Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 19-103-RGA; *Boehringer Ingelheim Pharma. Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 18-1757-CFC; *Biogen Int'l GmbH et al. v. Aurobindo Pharma U.S.A., Inc.*, C.A. No. 17-824-MN; and *Amgen Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 16-853-MSG.

43.    Upon information and belief, Aurobindo Pharma U.S.A., Inc. participated in the preparation, development, and filing of ANDA No. 213893, and its underlying subject matter, with the intent to market, sell, and/or distribute Eugia's ANDA Product to the residents of the State of Delaware.  Taiho's causes of action arise from Aurobindo Pharma U.S.A., Inc.'s contact with the State of Delaware.

44.    Venue is proper in this Judicial District as to Aurobindo Pharma U.S.A., Inc. because, inter alia, Aurobindo Pharma U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this Judicial District.

## **LONSURF®**

45.    Plaintiff Taiho Oncology, Inc. is the holder of the New Drug Application ("NDA") No. 207981 for the manufacture and sale of trifluridine and tipiracil tablets, 15 mg and 20 mg, and sells the product in the United States under the registered trademark Lonsurf®.

46.     The FDA approved NDA No. 207981 for the 15 mg and 20 mg tablets on September 22, 2015.

47.     Plaintiff Taiho Oncology, Inc. sells and distributes Lonsurf® throughout the United States pursuant to NDA No. 207981.

48.     Lonsurf® is indicated for the treatment of metastatic colorectal cancer that has been previously treated with fluoropyrimidine-, oxaliplatin-, and irinotecan-based chemotherapy, an anti-VEGF biological therapy, and if RAS wild-type, an anti-EGFR therapy as well as the treatment of metastatic gastric or gastroesophageal junction adenocarcinoma previously treated with at least two prior lines of chemotherapy that included a fluoropyrimidine, a platinum, either a taxane or irinotecan, and if appropriate, HER2/neu-targeted therapy.  A copy of the December, 2019 Lonsurf® Label is attached as Exhibit A.

## PATENTS-IN-SUIT

49.     The '399 patent, entitled "Method for treating cancer patients with severe renal impairment," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 29, 2019.  Taiho Pharmaceutical Co., Ltd. is the owner of all right, title, and interest in and to the '399 patent by assignment and therefore has the full right to sue and recover for the infringement thereof.  A certified copy of the '399 patent is attached as Exhibit B.

50.    Pursuant to the Federal Food, Drug, and Cosmetic Act ("FFD&C Act"), 21 U.S.C. § 355(b)(1) and corresponding FDA regulations, Taiho has submitted information concerning the '399 patent to the FDA in connection with NDA No. 207981, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."  The '399 patent has been listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book") as covering Lonsurf® and methods for using it.

51.    Claim 1 of the '399 patent is directed, *inter alia*, to a method for treating large bowel cancer comprising: detecting the creatinine clearance of a patient; and orally administering to the patient with a creatinine clearance of less than 30 mL/min a combination drug comprising $\alpha,\alpha,\alpha$-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, a daily dose of 30 to 40 mg/m$^2$/day as FTD-equivalent, divided into two to four portions for administration.

52.    The approved Lonsurf® product labeling instructs medical personnel when treating patients with severe renal impairment, and/or patients with severe renal impairment, to perform the steps of at least one claim of the '399 patent.

53.    The use of Lonsurf® in accordance with its approved product labeling—by medical personnel when treating patients, and/or by patients—necessarily results in the performance of each step of at least one claim of the '399 patent.

54.    The '004 patent, entitled "Method for Treating Cancer Patients with Severe Renal Impairment" was duly and legally reissued by the USPTO on March 30, 2021.  Taiho Pharmaceutical Co., Ltd. is the owner of all the right, title, and interest in and to the '004 patent by assignment and therefore has the full right to sue and recover for the infringement thereof.  A copy of the '004 patent is attached as Exhibit C.

55.    Pursuant to the FFD&C Act, 21 U.S.C. § 355(b)(1) and corresponding FDA regulations, Taiho has submitted information concerning the '004 patent to the FDA in connection with NDA No. 207981, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."  The '004 patent has been listed in FDA's Orange Book as covering Lonsurf® and methods for using it.

56.    Claim 1 of the '004 patent is directed, *inter alia*, to a method for treating gastrointestinal cancer, large bowel cancer, and/or breast cancer comprising: orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-

[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m$^2$/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min.

57.    The approved Lonsurf® product labeling instructs medical personnel when treating patients with severe renal impairment, and/or patients with severe renal impairment, to perform the steps of at least one claim of the '004 patent.

58.    The use of Lonsurf® in accordance with its approved product labeling—by medical personnel when treating patients, and/or by patients— necessarily results in the performance of each step of at least one claim of the '004 patent.

## EUGIA'S ANDA PRODUCT

59.    Upon information and belief, pursuant to FFD&C Act, 21 U.S.C. § 355(j), Eugia submitted ANDA No. 213893 to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Eugia's ANDA Product within the United States prior to the expiration of the patents-in-suit.

60.    Upon information and belief, Eugia's ANDA No. 213893 identified Taiho's Lonsurf® (trifluridine and tipiracil) tablets and included a written certification, as required by FFD&C Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the

"Paragraph IV certification"), alleging that the claims of the '399 and '004 patents are invalid or otherwise will not be infringed by Eugia's ANDA Product.

61.    On or about November 17, 2022, Taiho received a letter from Eugia purporting to be a written notice that Eugia had filed ANDA No. 213893 seeking approval to market Eugia's ANDA Product prior to the expiration of the '399 and '004 patents, pursuant to FFD&C Act, 21 U.S.C. § 355(j)(2)(B) (the "Paragraph IV notice letter").  The Paragraph IV notice letter included notice of Eugia's allegations that the '399 and '004 patents are invalid and/or not infringed by Eugia's ANDA Product.

62.    Eugia's submission of ANDA No. 213893, including the Paragraph IV certification directed to the '399 and '004 patents, constituted infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2).

63.    Eugia's anticipated commercial manufacture, use, sale, offer for sale, and/or importation of Eugia's ANDA Product upon approval of ANDA No. 213893 and before expiration of the patents-in-suit will infringe at least claim 1 of the '399 patent and at least claim 1 of the '004 patent under 35 U.S.C. § 271(a), (b), and/or (c).

64.    Taiho commenced this action within 45 days of receiving Eugia's Paragraph IV notice letter.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,456,399

65.    Paragraphs 1-64 are incorporated by reference as though fully set forth herein.

66.    Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets to patients with severe renal impairment according to the Lonsurf® product labeling satisfies at least claim 1 of the '399 patent.

67.    Upon information and belief, Eugia's ANDA Product has the same use as Lonsurf®, at least because Eugia's ANDA No. 213893 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

68.    Upon information and belief, and consistent with Eugia's paragraph IV certification directed to the '399 and '004 patents, the proposed product labeling for Eugia's ANDA Product is or will be substantially the same as the approved product labeling for Lonsurf®.

69.    Upon information and belief, Eugia's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf® and will satisfy at least claim 1 of the '399 patent.

70.    Upon information and belief, Eugia's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '399 patent.

71.    Eugia's submission of ANDA No. 213893 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to

sell, or import Eugia's ANDA Product prior to the expiration of the '399 patent constitutes infringement of at least claim 1 of the '399 patent under 35 U.S.C. § 271(e)(2).

72.    Claim 1 of the '399 patent recites "A method for cancer which is one of gastrointestinal cancer, large bowel cancer and breast cancer, comprising: detecting a creatinine clearance of a patient; orally administering to the patient with a creatinine clearance of less than 30 mL/min a combination drug comprising α,α,α-trifluorothymidine        (FTD)        and        5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, a dose of 30 to 40 mg/m$^2$/day as FTD-equivalent, divided into two to four portions for administration."

73.    Discovery will likely show that the product labeling for Eugia's ANDA Product will instruct medical personnel and/or patients to treat large bowel cancer in patients with severe renal impairment by detecting a creatinine clearance of a patient; and orally administering to the patient with a creatinine clearance of less than 30 mL/min a combination drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, a dose of 30 to 40 mg/m$^2$/day as FTD-equivalent, divided into two to four portions for administration.  Discovery will also

likely show that the proposed product labeling for Eugia's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

74.    Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '399 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing Eugia's ANDA Product in the United States.

75.    Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '399 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '399 patent, with knowledge of said patent and said infringement.

76.    Upon information and belief, the proposed product labeling for Eugia's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '399 patent.

77.    Upon information and belief, the use of Eugia's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '399 patent.

78.    Upon information and belief, Eugia specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that Eugia knows infringe at least claim 1 of the '399 patent.

79.     Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '399 patent under 35 U.S.C. § 271(c) by selling or offering to sell Eugia's ANDA Product in the United States, with knowledge of the '399 patent and that there is no substantial non-infringing use for Eugia's ANDA Product.

80.     Upon information and belief, Eugia knows that Eugia's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claim 1 of the '399 patent.

81.     Eugia's ANDA Product constitutes a material part of the invention covered by at least claim 1 of the '399 patent.

82.     Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 213893 shall be no earlier than the date on which the '399 patent expires, including any patent term and regulatory extensions.

83.     Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Taiho is entitled to a permanent injunction against further infringement.  Taiho will be substantially and irreparably harmed if Eugia's infringement of the '399 patent is not enjoined.  Further, Taiho does not have an adequate remedy at law.

84.     Upon information and belief, Eugia was aware of the '399 patent prior to Eugia submitting its Paragraph IV certification, and at least as early as December 20, 2019, as well as the statutory provisions and regulations set forth in 21 U.S.C. §

355 and 21 C.F.R. § 314.95, and acted without reasonable basis for a good faith belief that it would not be liable for infringing the '399 patent.

## COUNT II – DECLARATORY JUDGMENT FOR INFRINGEMENT OF U.S. PATENT NO. 10,456,399

85.    Paragraphs 1-84 are incorporated by reference as though fully set forth herein.

86.    Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets to patients with severe renal impairment according to the Lonsurf® product labeling satisfies at least claim 1 of the '399 patent.

87.    Upon information and belief, Eugia's ANDA Product has the same use as Lonsurf®, at least because Eugia's ANDA No. 213893 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

88.    Upon information and belief, and consistent with Eugia's paragraph IV certification directed to the '399 and '004 patents, the proposed product labeling for Eugia's ANDA Product is or will be substantially the same as the approved product labeling for Lonsurf®.

89.    Upon information and belief, Eugia's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf® and will satisfy at least claim 1 of the '399 patent.

90.    Upon information and belief, Eugia's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '399 patent.

91.     Eugia's submission of ANDA No. 213893 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import Eugia's ANDA Product prior to the expiration of the '399 patent constitutes infringement of at least claim 1 of the '399 patent under 35 U.S.C. § 271(e)(2).

92.     Claim 1 of the '399 patent recites "A method for cancer which is one of gastrointestinal cancer, large bowel cancer and breast cancer, comprising: detecting a creatinine clearance of a patient; orally administering to the patient with a creatinine clearance of less than 30 mL/min a combination drug comprising $\alpha,\alpha,\alpha$-trifluorothymidine          (FTD)          and          5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, a dose of 30 to 40 mg/m$^2$/day as FTD-equivalent, divided into two to four portions for administration."

93.     Discovery will likely show that the product labeling for Eugia's ANDA Product will instruct medical personnel and/or patients to treat large bowel cancer in patients with severe renal impairment by detecting a creatinine clearance of a patient; and orally administering to the patient with a creatinine clearance of less than 30 mL/min a combination drug comprising $\alpha,\alpha,\alpha$-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, a dose of 30 to 40 mg/m$^2$/day as FTD-

equivalent, divided into two to four portions for administration.  Discovery will also likely show that the proposed product labeling for Eugia's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

94.    Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '399 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing Eugia's ANDA Product in the United States.

95.    Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '399 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '399 patent, with knowledge of said patent and said infringement.

96.    Upon information and belief, the proposed product labeling for Eugia's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '399 patent.

97.    Upon information and belief, the use of Eugia's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '399 patent.

98.    Upon information and belief, Eugia specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that Eugia knows infringe at least claim 1 of the '399 patent.

99.    Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '399 patent under 35 U.S.C. § 271(c) by selling or offering to sell Eugia's ANDA Product in the United States, with knowledge of the '399 patent and that there is no substantial non-infringing use for Eugia's ANDA Product.

100.    Upon information and belief, Eugia knows that Eugia's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claim 1 of the '399 patent.

101.    Eugia's ANDA Product constitutes a material part of the invention covered by at least claim 1 of the '399 patent.

102.    Upon information and belief, Eugia was aware of the '399 patent prior to Eugia submitting its Paragraph IV certification, and at least as early as December 20, 2019, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95.

103.    Upon information and belief, Eugia acted, and upon the FDA's approval of ANDA No. 213893, will act, without a reasonable basis for a good faith belief that it would not be liable for directly and indirectly infringing the '399 patent.

104.    Pursuant to 28 U.S.C. § 2201, Taiho is entitled to a declaratory judgment that Eugia's making, using, offering to sell, selling and/or importing Eugia's ANDA Product, inducement therefor or contribution thereto, will infringe the '399 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

105.    Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 271(e)(4)(A), Taiho is entitled to a declaratory judgment that the effective date of any approval of ANDA No. 213893 shall be no earlier than the date on which the '399 patent expires, including any patent term and regulatory extensions.

106.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Eugia's ANDA Product with its proposed labeling, or any other Eugia drug that is covered by or the use of which is covered by the '399 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '399 patent, and that the claims of the '399 patent are not invalid.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,960,004

107.    Paragraphs 1-106 are incorporated by reference as though fully set forth herein.

108.    Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets to patients with severe renal impairment according to the Lonsurf® product labeling satisfies at least claim 1 of the '004 patent.

109.   Upon information and belief, Eugia's ANDA Product has the same use as Lonsurf®, at least because Eugia's ANDA No. 213893 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

110.   Upon information and belief, and consistent with Eugia's paragraph IV certification directed to the '399 and '004 patents, the proposed product labeling for Eugia's ANDA Product is or will be substantially the same as the approved product labeling for Lonsurf®.

111.   Upon information and belief, Eugia's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf® and will satisfy at least claim 1 of the '004 patent.

112.   Upon information and belief, Eugia's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '004 patent.

113.   Eugia's submission of ANDA No. 213893 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import Eugia's ANDA Product prior to the expiration of the '004 patent constitutes infringement of at least claim 1 of the '004 patent under 35 U.S.C. § 271(e)(2).

114. Claim 1 of the '004 patent recites "A method for treating gastrointestinal cancer, large bowel cancer or breast cancer in a patient with a creatinine clearance of 15 mL/min-29 mL/min, comprising: orally administering a

drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min."

115. Discovery will likely show that the product labeling for Eugia's ANDA Product will instruct medical personnel and/or patients to treat gastrointestinal cancer and/or large bowel cancer in patients with a creatinine clearance of 15 mL/min-29 mL/min by orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min. Discovery will also likely show that the proposed product labeling for Eugia's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

116. Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing Eugia's ANDA Product in the United States.

117.   Upon information and belief, upon the FDA's approval of ANDA No. 214036, Eugia will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '004 patent, with knowledge of said patent and said infringement.

118.   Upon information and belief, the proposed product labeling for Eugia's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '004 patent.

119.   Upon information and belief, the use of Eugia's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '004 patent.

120.   Upon information and belief, Eugia specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that Eugia knows infringe at least claim 1 of the '004 patent.

121.   Upon information and belief, upon the FDA's approval of ANDA No. 214036, Eugia will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(c) by selling or offering to sell Eugia's ANDA Product in the United States, with knowledge of the '004 patent and that there is no substantial non-infringing use for Eugia's ANDA Product.

122.   Upon information and belief, Eugia knows that Eugia's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claim 1 of the '004 patent.

123.   Eugia's ANDA Product constitutes a material part of the invention covered by at least claim 1 of the '004 patent.

124.   Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 213893 shall be no earlier than the date on which the '004 patent expires, including any patent term and regulatory extensions.

125.   Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Taiho is entitled to a permanent injunction against further infringement.  Taiho will be substantially and irreparably harmed if Eugia's infringement of the '004 patent is not enjoined.  Further, Taiho does not have an adequate remedy at law.

126.   Upon information and belief, Eugia was aware of the '004 patent prior to Eugia submitting its Paragraph IV certification and at least as early as April 19, 2021, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and acted without reasonable basis for a good faith belief that it would not be liable for infringing the '004 patent.

## COUNT IV – DECLARATORY JUDGMENT FOR INFRINGEMENT OF U.S. PATENT NO. 10,960,004

127.   Paragraphs 1-126 are incorporated by reference as though fully set forth herein.

128.    Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets to patients with severe renal impairment according to the Lonsurf® product labeling satisfies at least claim 1 of the '004 patent.

129.    Upon information and belief, Eugia's ANDA Product has the same use as Lonsurf®, at least because Eugia's ANDA No. 213893 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

130.    Upon information and belief, and consistent with Eugia's paragraph IV certification directed to the '399 and '004 patents, the proposed product labeling for Eugia's ANDA Product is or will be substantially the same as the approved product labeling for Lonsurf®.

131.    Upon information and belief, Eugia's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf® and will satisfy at least claim 1 of the '004 patent.

132.    Upon information and belief, Eugia's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '004 patent.

133.    Eugia's submission of ANDA No. 213893 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import Eugia's ANDA Product prior to the expiration of the '004 patent constitutes infringement of at least claim 1 of the '004 patent under 35 U.S.C. § 271(e)(2).

134.   Claim 1 of the '004 patent recites "A method for treating gastrointestinal cancer, large bowel cancer or breast cancer in a patient with a creatinine clearance of 15 mL/min-29 mL/min, comprising: orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min."

135.   Discovery will likely show that the product labeling for Eugia's ANDA Product will instruct medical personnel and/or patients to treat gastrointestinal cancer and/or large bowel cancer in patients with a creatinine clearance of 15 mL/min-29 mL/min by orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min.  Discovery will also likely show that the proposed product labeling for Eugia's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

136.   Upon information and belief, upon the FDA's approval of ANDA No. 213893, Eugia will infringe at least claim 1 of the '004 patent under 35 U.S.C. §

271(a) by making, using, selling, offering to sell, or importing Eugia's ANDA Product in the United States.

137. Upon information and belief, upon the FDA's approval of ANDA No. 214036, Eugia will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '004 patent, with knowledge of said patent and said infringement.

138. Upon information and belief, the proposed product labeling for Eugia's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '004 patent.

139. Upon information and belief, the use of Eugia's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '004 patent.

140. Upon information and belief, Eugia specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that Eugia knows infringe at least claim 1 of the '004 patent.

141. Upon information and belief, upon the FDA's approval of ANDA No. 214036, Eugia will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(c) by selling or offering to sell Eugia's ANDA Product in the United States,

with knowledge of the '004 patent and that there is no substantial non-infringing use for Eugia's ANDA Product.

142.   Upon information and belief, Eugia knows that Eugia's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claim 1 of the '004 patent.

143.   Eugia's ANDA Product constitutes a material part of the invention covered by at least claim 1 of the '004 patent.

144.   Upon information and belief, Eugia was aware of the '004 patent prior to Eugia submitting its Paragraph IV certification and at least as early as April 19, 2021, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95.

145.   Upon information and belief, Eugia acted, and upon the FDA's approval of ANDA No. 213893, will act, without a reasonable basis for a good faith belief that it would not be liable for directly and indirectly infringing the '004 patent.

146.   Pursuant to 28 U.S.C. § 2201, Taiho is entitled to a declaratory judgment that Eugia's making, using, offering to sell, selling and/or importing Eugia's ANDA Product, inducement thereof, or contribution thereto, will infringe the '004 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c).

147.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 271(e)(4)(A), Taiho is entitled to a declaratory judgment that the effective date of any approval of ANDA

No. 213893 shall be no earlier than the date on which the '004 patent expires, including any patent term and regulatory extensions.

148.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Eugia's ANDA Product with its proposed labeling, or any other Eugia drug that is covered by or the use of which is covered by the '004 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '004 patent, and that the claims of the '004 patent are not invalid.

## **REQUEST FOR RELIEF**

WHEREFORE, Taiho respectfully requests the following relief:

A.    The entry of judgment on the Complaint in favor of Plaintiffs and against Defendants.

B.    The entry of judgment that Eugia has infringed the '399 and '004 patents under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 213893 to the FDA;

C.    The entry of judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of Eugia's ANDA Product before the expiration of the '399 and '004 patents, including any patent term and regulatory extensions, will constitute acts of infringement of the '399 and '004 patents by Eugia;

D.     The issuance of an order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 213893 shall be no earlier than the dates on which the '399 and '004 patents expire, including any patent term and regulatory extensions;

E.     The issuance of an injunction under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283, enjoining Eugia, its officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in concert with them, from the manufacture, use, sale, offer to sell, and/or importation within the United States, of any pharmaceutical product covered by the '399 and '004 patents prior to the expiration of said patents including any patent term and regulatory extensions;

F.     An award of damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C) and/or 35 U.S.C. § 284 as appropriate;

G.     A finding that this is an exceptional case under 35 U.S.C. § 285, and an award to Taiho of its reasonable attorneys' fees and costs; and

H.     An award of any such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Taiho*
*Pharmaceutical Co., Ltd. and Taiho*
*Oncology, Inc.*

*Of Counsel:*

Michael D. Kaminski
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300
mkaminski@foley.com
lpeterson@foley.com

Dated:  December 20, 2022